Case 1:16-cv-00073   Document 15   Filed in TXSD on 06/17/16   Page 1 of 8

United States District Court
Southern District of Texas
**ENTERED**
June 17, 2016
David J. Bradley, Clerk

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

| | | |
|---|---|---|
| MARIA DE LOS ANGELES FLORES, | § | |
|     Plaintiff, | § | |
| | § | |
| v. | § | Civil Action No. B-16-73 |
| | § | |
| WAL-MART STORES TEXAS, L.L.C., | § | |
|     Defendant. | § | |

## AMENDED REPORT AND RECOMMENDATION
## OF THE MAGISTRATE JUDGE[1]

On April 14, 2016, this case was removed to this Court from the County Court at Law I in Cameron County, Texas. Dkt. No. 1. In that complaint, Plaintiff Maria De Los Angeles Flores ("Flores")[2] sued Defendants Wal-Mart Stores Texas L.L.C. ("Wal-Mart") and John Doe, who was an unknown Wal-Mart employee. Dkt. No. 1-1. That employee was timely identified as Santos Manuel Benavidez[3] ("Benavidez"). Dkt. No. 6.

On May 11, 2016, Flores filed a motion to remand the case to state court, asserting that Benavidez's presence in the case destroys diversity jurisdiction. Dkt. No. 7. That motion is opposed by Wal-Mart on the grounds that Benavidez has been improperly joined as a defendant. Dkt. No. 8.

---

[1] The original Report and Recommendation was withdrawn. Dkt. No. 12. This Amended Report and Recommendation, in addition to the issues discussed in the original one, also addresses the issue of how Flores's use of a fictitious name to identify the defendant in the state court complaint impacts the jurisdictional analysis. The point may be largely academic, but is included here for purposes of completeness. The ultimate recommendation in the original Report and Recommendation remains unchanged.

[2] Flores is suing as the next friend of her daughter, A.F. Dkt. No. 1-1.

[3] Wal-Mart's discovery responses indicate that his last name is spelled Benavides. Dkt. No. 7-5, p. 7. For the sake of consistency, the Court will use the "Benavidez" spelling used by the Plaintiffs in their proposed amended complaint. Dkt. No. 6-1.

1

After reviewing the record and the relevant case law, the Court recommends that the motion to be remand be granted on the grounds that Benavidez has not been improperly joined as a defendant in this case.

## I. Background

### A. Factual Background[4]

Flores alleges that on June 13, 2014, her daughter was injured at the Wal-Mart store on Padre Island Highway in Brownsville, Texas. Dkt. No. 1-1. Her daughter "was struck by an umbrella pole sticking out of a shopping cart that was being operated" by Benavidez. Dkt. No. 1-1, p. 2. The complaint states that Benavidez "was pushing and/or driving a shopping cart in a negligent fashion/manner near" her daughter. Id. It is alleged that the daughter suffered "severe bodily injury," although the nature of those injuries is unspecified in the complaint. Id. The complaint states that "at all times relevant [Benavidez] was under his scope of employment with Defendant Wal-Mart." Id.

### B. Procedural History

On March 16, 2016, Flores filed suit in County Court at Law I in Cameron County, Texas. Dkt. No. 1-1. In that complaint, she sued Wal-Mart and the John Doe Defendant, later identified as Benavidez. Id. She alleged that Wal-Mart was responsible, under the doctrine of respondeat superior, for Benavidez's negligent acts. Id, p. 7. It also alleged that Wal-Mart negligently hired, supervised or managed Benavidez. Id, pp. 7-8. The complaint also makes claims against John Doe, individually, for acting "negligently and reckless[ly] while transporting merchandise on the premises" and for failing to warn A.F. of the danger. Dkt. No. 1-1, p. 6.

On April 14, 2016, Wal-Mart timely removed the case to this Court. Dkt. No. 1. In the notice of removal, Wal-Mart alleged that the John Doe – later identified as Benavidez –

---

[4] Unless otherwise noted, the factual background is taken from Flores's complaint. In deciding a motion to remand, "the district court ordinarily should assume that all facts alleged in a plaintiff's state court petition are true." Ford v. Elsbury, 32 F.3d 931, 938 (5th Cir. 1994).

was improperly joined as a defendant because Flores "has not alleged viable causes of action against him." Dkt. No. 1, p. 2. Wal-Mart asserts that without Doe's presence in the case, there is complete diversity of citizenship; Flores is a citizen of Texas and Wal-Mart is a citizen of Arkansas and Delaware. Id.

On May 5, 2016, Flores moved for leave to amend her complaint. Dkt. No. 6. The primary crux of her amendment was to identify Benavidez as the John Doe defendant, but other amendments were made which are not relevant to jurisdictional issues. Id.

On May 11, 2016, Flores timely filed a motion to remand the case to state court. Dkt. No. 7. Flores asserts that Benavidez is a citizen of Texas, and thus, complete diversity of citizenship does not exist between her and all of the Defendants. Dkt. No. 7.

On May 18, 2016, Wal-Mart filed a response to the motion to remand, asserting that Benavidez was improperly joined because Flores could not maintain a claim against him. Dkt. No. 8. Wal-Mart asserts that without the improper joinder of Benavidez, diversity jurisdiction exists in this case. Id.

On June 17, 2016, the Court granted Flores's motion to amend her complaint, substituting Benavidez for the fictional defendant John Doe. Dkt. No. 13.

## II. Applicable Law

### A. Diversity Jurisdiction

United States District Courts have original jurisdiction in civil actions where the matter in controversy exceeds $75,000 and is between citizens of different states. 28 U.S.C. § 1332(a)(1). The parties agree that Flores and Benavidez are citizens of Texas and that Wal-Mart is a citizen of Arkansas and Delaware. The dispute centers upon whether Benavidez is improperly joined as a defendant.

### B. Removal

"Any civil action of which the district courts have original jurisdiction founded on a claim or right arising under the Constitution, treaties or laws of the United States shall be removable" to federal court. 28 U.S.C. § 1441(a)-(b). The party seeking removal bears the

burden of showing that jurisdiction exists and that removal is proper. De Aguilar v. Boeing Co., 47 F.3d 1404, 1408 (5th Cir. 1995). Jurisdiction is determined by examining the claims in the state court petition at the time of removal. Manguno v. Prudential Property and Cas. Ins. Co., 276 F.3d 720, 723 (5th Cir. 2002). "Any ambiguities are construed against removal because the removal statute should be strictly construed in favor of remand." Id.

### C. Improper Joinder

Under the improper joinder doctrine, a party may not defeat federal jurisdiction with the presence of an improperly-joined non-diverse defendant. Salazar v. Allstate Texas Lloyd's, Inc., 455 F.3d 571, 574 (5th Cir. 2006). There are two ways to establish that a defendant has been improperly joined: "(1) actual fraud in the pleading of jurisdictional facts, or (2) inability of the plaintiff to establish a cause of action against the non-diverse party in state court." Cuevas v. BAC Home Loans Servicing, LP, 648 F.3d 242 (5th Cir. 2011) (quoting Smallwood, 385 F.3d at 573). No fraud in pleading the facts has been alleged in this case, and none is otherwise evident. Accordingly, the first test is inapplicable here.

As to the second test, the question is "whether the defendant has demonstrated that there is no possibility of recovery by the plaintiff against an in-state defendant, which stated differently means that there is reasonable basis for the district court to predict that the plaintiff might be able to recover against an in-state defendant." Cuevas, 2011 WL 3112324 at *5 (quoting Smallwood, 385 F.3d at 573). "Ordinarily, if a plaintiff can survive a Rule 12(b)(6) challenge, there is no improper joinder." Smallwood, 385 F.3d at 573. All "contested issues of fact and any ambiguities of state law must be resolved" in favor of the party opposing removal. Travis v. Irby, 326 F.3d 644, 649 (5th Cir. 2003). Nevertheless, "a 'mere theoretical possibility of recovery under local law' will not preclude a finding of improper joinder." Smallwood, 385 F.3d at 573 n. 9 (quoting Badon v. RJR Nabisco, Inc., 236 F.3d 282, 286 n. 4 (5th Cir. 2000)).

"[T]he court may 'pierce the pleadings' and consider summary judgment-type evidence to determine whether the plaintiff truly has a reasonable possibility of recovery in

4

state court." Gray ex rel. Rudd v. Beverly Enterprises-Mississippi, Inc., 390 F.3d 400, 405 (5th Cir. 2004). The summary inquiry "is appropriate only to identify the presence of discrete and undisputed facts that would preclude plaintiff's recovery against the in-state defendant." Smallwood, 385 F.3d. at 573-74 (emphasis added); see also Sid Richardson Carbon & Gasoline Co. v. Interenergy Resources, Ltd., 99 F.3d 746, 751 (5th Cir. 1996) (endorsing the use of a "summary judgment-like procedure" to "pierce the pleadings" in order to make a summary determination).

### III. Analysis

The Court notes that "[i]n determining whether a civil action is removable on the basis of [diversity jurisdiction], the citizenship of defendants sued under fictitious names shall be disregarded." 28 U.S.C. § 1441(b)(1). The Court has permitted Flores to amend her complaint to replace the fictitious "John Doe" defendant with Benavidez, a Texas citizen. The claims against Benavidez are those originally asserted against John Doe. Dkt. No. 13. Accordingly, the Court must consider whether a claim can be stated against Benavidez. If a claim can be stated against him, his continued presence in the case would destroy diversity jurisdiction and mandate remand. Doleac ex rel. Doleac v. Michalson, 264 F.3d 470, 477 (5th Cir. 2001) (remand is required when a party amends its complaint, after removal, to substitute a non-diverse party for a fictitiously named defendant).

Wal-Mart has consistently averred that Benavidez was improperly joined because Flores cannot sustain a claim against him. Dkt. Nos. 1, 8, 9. This argument conflicts with the relevant caselaw.

The complaint alleges that Benavidez was acting in the course and scope of his employment when he acted negligently. Dkt. No. 6-1, pp. 6-7. Under Texas law, "an employee may not be held individually liable unless she breaches an independent duty of care she owed to the injured party separate from her employer's duty." Bourne v. Wal Mart Stores, Inc., 582 F. Supp. 2d 828, 838 (E.D. Tex. 2008). This holding extends to premises liability cases. Tri v. J.T.T. & M.T., 162 S.W.3d 552, 562 (Tex. 2005). However, "a

corporate agent is personally liable for his own fraudulent or tortious acts." Miller v. Keyser, 90 S.W.3d 712, 717 (Tex. 2002)

The United States District Courts in Texas, who have considered this issue, have developed a governing principle for premises liability in cases where claims are made against both the employee and the employer:

> If the pleadings allege the store manager or employee played a personal and active role in creating the dangerous condition at issue, then an independent duty of care existed, recovery was possible, and remand was appropriate. Where the pleadings allege the store manager was acting in his or her corporate capacity and was not personally involved in creating the condition, then the store manager owed no separate duty of care, recovery was not possible, and remand was inappropriate.

Champion v. Wal-Mart Stores of Texas, LLC, No. 5:16-CV-112-DAE, 2016 WL 1226942, at *3 (W.D. Tex. Mar. 24, 2016) (collecting cases).

Several United States District Courts in Texas have concluded that, where an employee played an active role in creating the dangerous condition, the employee had a duty of care to the patrons to the store – a duty independent of the employer's similar duty. See Gonzalez v. Wal-Mart Stores Texas, LLC, No. 2:13-CV-65, 2013 WL 1827924, at *1 (S.D. Tex. Apr. 30, 2013) (holding that a cause of action existed against Wal-Mart employees who personally inspected defective tire); Guzman v. Cordero, 481 F. Supp. 2d 787, 791 (W.D. Tex. 2007) (same); Land v. Wal-Mart Stores of Texas, LLC, No. SA-14-CV-009-XR, 2014 WL 585408, at *2 (W.D. Tex. Feb. 13, 2014) (holding that a cause of action existed against Wal-Mart employee who negligently operated a commercial floor cleaning machine).

Furthermore, several other courts have recognized this principle, while later finding that the plaintiff failed to plead that the employee played an active role. Kerr v. Target Corp., No. 4:15CV13, 2015 WL 2227790, at *8 (E.D. Tex. May 11, 2015); Lyle v. 24 Hour Fitness, USA, Inc., No. A-14-CA-300-LY, 2014 WL 5094126, at *4 (W.D. Tex. Oct. 10, 2014); Adams v. Wal-Mart Stores, Inc., No. 4:15CV25, 2015 WL 2198017, at *9 (E.D. Tex. May

11, 2015); <u>Garrison v. The Sherwin-Williams Co.</u>, 2010 WL 2573973 (E.D. Tex. June 1, 2010), <u>report and recommendation adopted</u>, 2010 WL 2573963 (E.D. Tex. June 22, 2010).

Applying that principle to this case, Flores has consistently averred that John Doe – later identified as Benavidez – directly acted to cause the tortious conduct. The Court judges jurisdiction by the complaint at the time of removal. <u>Manguno</u>, 276 F.3d at 723. In her complaint at the time of removal, Flores pled that A.F. "was struck by an umbrella pole sticking out of a shopping cart that was being operated by Defendant John Doe" – i.e. Benavidez. Dkt. No. 1-1, p. 3. It further alleged that Doe/Benavidez "was pushing and/or driving a shopping cart in a negligent fashion." <u>Id</u>. Flores clearly pled that Benavidez "played a personal and active role in creating the dangerous condition at issue." <u>Champion</u>, 2016 WL 1226942, at *3. Thus, Benavidez had an independent duty to act in a non-tortious way and Flores may pursue a claim against him for allegedly failing to fulfill that duty.

Thus, there is a reasonable possibility that Flores could sustain a claim against Benavidez in state court. Based upon this possibility, there is no longer the complete diversity of citizenship required for diversity jurisdiction to exist. For that reason, the Court lacks jurisdiction and this case should be remanded.

## IV. Recommendation

It is recommended that the motion for remand filed by Maria De Los Angeles Flores, Dkt. No. 7, be granted and this case be remanded to County Court at Law I in Cameron County, Texas.

The parties have fourteen (14) days from the date of being served with a copy of this Report and Recommendation within which to file written objections, if any, with the Honorable Andrew S. Hanen, United States District Judge. 28 U.S.C. § 636(b)(1) (eff. Dec. 1, 2009). Failure to timely file objections shall bar the parties from a <u>de novo</u> determination by the District Judge of an issue covered in the report and shall bar the parties from attacking on appeal factual findings accepted or adopted by the district court except upon grounds of plain error or manifest injustice. See § 636(b)(1); <u>Thomas v Arn</u>, 474 U.S. 140, 149 (1985);

Douglass v. United Servs. Auto. Ass'n, 79 F.3d 1415, 1428-29 (5th Cir. 1996), superseded by statute on other grounds, 28 U.S.C. § 636(b)(1) (extending the time to file objections from ten to fourteen days).

      DONE at Brownsville, Texas, on June 17, 2016.

                                        Ronald G. Morgan  
                                        United States Magistrate Judge